GILBRIDE, TUSA, LAST & SPELLANE, LLC
Todd. S. Sharinn (CT 419121)
31 Brookside Drive
Greenwich, CT 06830
Telephone: (203) 622-9360
Facsimile: (203) 622-9392
tss@gtlslaw.com
*Attorneys for Plaintiff*
*Todd S. Sharinn & Noa Sharinn*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT (BRIDGEPORT)**

-----------------------------------------------------x

| | | |
|---|---|---|
| **TODD S. SHARINN AND** | : | |
| **NOA SHARINN** | : | **Civil Action No.:** |
| | : | |
| **Plaintiff,** | : | **CLASS ACTION COMPLAINT** |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **CENTURY FINANCIAL SERVICES** | : | |
| **INC. d/b/a CENTURY HEALTHCARE** | : | |
| **IN CONNECTICUT** | : | |
| | : | |
| **Defendant.** | : | |

-----------------------------------------------------x


Todd S. Sharinn ("Mr. Sharinn") and Noa Sharinn ("Wife" and collectively with Mr. Sharinn as "Plaintiffs") by and through their attorneys allege as and for their Complaint against Century Financial Services Inc., d/b/a Century Healthcare In Connecticut ("Defendant" or "CFSI") as follows:

<u>**NATURE AND BASIS OF ACTION**</u>

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA") and for Negligent Infliction of Emotional Distress and Loss of Consortium under Connecticut State and common law as a direct and proximate result of Defendant's violations of the FDCPA.

1

## JURISDICTION AND VENUE

2.    This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.    This Court has personal jurisdiction over Defendant in that at all relevant times, Defendant conducted business within the State of Connecticut.

4.    This Court has supplemental jurisdiction over Mr. Sharinn's state and common law claims pursuant to 28 U.S.C. § 1367.

5.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## PARTIES

6.    Plaintiff Todd S. Sharinn is an individual who is a citizen of the State of Connecticut residing in Fairfield County, Connecticut.

7.    Plaintiff Noa Sharinn is an individual who is a citizen of the State of Connecticut residing in Fairfield County, Connecticut.

8.    Mr. Sharinn and Wife have been happily married since May 21, 2017.

9.    Mr. Sharinn is a natural person allegedly obligated to pay a debt.

10.    Mr. Sharinn is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11.    On information and belief, Defendant CFSI is a Corporation with a principal place of business in North Haven, Connecticut.

12.    Defendant regularly collects or attempts to collect debts asserted to be owed to others.

13.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

14.    The principal purpose of Defendant's business is the collection of such debts.

15.    Defendant uses the mails in its debt collection business.

16.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

17.    Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1922), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C. § 1692(a).

18.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

19.    To further these ends, "the FDCPA enlists the efforts of sophisticated consumers … as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.* 516 F.3d 85, 91 (2d Cir. 2008).

20.    As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collector, Inc.,* 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F.Supp.2d 82, 90 (E.D.N.Y. 2013).

21.     Instead, "the test is how the least sophisticated consumer – one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer – understands the notice he or she receives." *Russell*, 74 F.3d at 34.

22.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

23.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA is sufficient to establish civil liability against the debt collector.

## CLASS ALLEGATIONS

24.     Mr. Sharinn brings this action individually and as a class action on behalf of all persons similarly situated in the State of Connecticut.

25.     Mr. Sharinn seeks to certify a class of:

All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letters sent to Plaintiff, which letters were sent on or after a date one year prior to the filing of this action to the present.

26.     This action seeks a finding that Defendant's conduct violates the FDCPA, and asks the Court to award damages as authorized by 15 U.S.C. § 1692k.

27.     The Class consists of more than thirty-five persons.

28.     Mr. Sharinn's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either by dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

30.     Mr. Sharinn will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Mr. Sharinn has retained counsel experienced in actions brought under the FDCPA.

## ALLEGATIONS SPECIFIC TO PLAINTIFFS

31.     Defendant alleges Mr. Sharinn owes debts ("the Alleged Debts").

32.     The Alleged Debts are alleged obligations of Mr. Sharinn to pay money arising out of a transaction in which the money, property, insurance, or services that are the subject of the transaction are entirely for personal, family, or household purposes.

33.     The Alleged Debt does not arise from any business enterprise of Mr. Sharinn.

34.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

35.     The Alleged Debts were incurred by Mr. Sharinn in relation to his need for immediate medical procedures, *inter alia*, six (6) life-saving emergency surgeries over a six (6) month period, two of which required resuscitation of Mr. Sharinn, and one required his being placed in a medically induced coma for a period of three days.

36.     At an exact time known only to Defendant, the Alleged Debt was assigned or otherwise transferred to Defendant for collection.

37.     In its efforts to collect the Alleged Debts, Defendant contacted Mr. Sharinn by, among other means, letters ("the Letters") (True and accurate copies are annexed hereto as **Exhibit 1**).

38.     The Letters conveyed information regarding the Alleged Debts.

39.     The Letters are a "communication" as defined by 15 U.S.C. § 1692a(2).

40.     The Letters were the initial written communications Mr. Sharinn received from Defendant concerning the Alleged Debts, respectively.

41.     The Letters were received and read by Mr. Sharinn.

42.     In addition to the Letters, Mr. Sharinn received an abundance of telephone calls to his cellphone at all hours of the day and night, including, but not limited to, calls before 8 antemeridian, leaving messages regarding payment of alleged debts.

43.    The messages never provided any contact information to return such calls or any information regarding the creditor to whom the Alleged Debts are owed.

44.    Upon information and belief, these telephone calls to Mr. Sharinn's cellphone were made, or caused to be made, by Defendant.

45.    During all relevant times Defendant communicated telephonically, solely, with Wife concerning the Alleged Debts without obtaining the prior consent of Mr. Sharinn.

46.    Indeed, at all relevant times, any and all telephonic communications regarding the Alleged Debts were between Defendant and Wife.

47.    Despite knowing that Mr. Sharinn was recovering from the referenced severe medical incident and despite knowing Wife did not believe she was the correct person to speak with, Defendant insisted on speaking with Wife.

48.    The telephone calls are "communication[s]" as defined by 15 U.S.C. § 1692a(2).

49.    15 U.S.C. § 1692c(b) prohibits a debt collector from communicating with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in connection with the collection of any debt without the prior consent of the consumer given directly to the debt collector, or the express permission of a court, or as reasonably necessary to effectuate a postjudgement judicial remedy. As set forth herein, Defendant violated this provision of the FDCPA.

50.    15 U.S.C. § 1692c(b) protects Mr. Sharinn's concrete interests. Mr. Sharinn has the interest and right to limit communications concerning his debt to himself and to determine whether or not to permit third parties are to be involved by Defendant. As set forth, Mr. Sharinn was deprived of this right.

51.     15 U.S.C. § 1692e protects Mr. Sharinn's concrete interests. Mr. Sharinn has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Mr. Sharinn of this right.

52.     15 U.S.C. § 1692g protects Mr. Sharinn's concrete interests. Mr. Sharinn has the interest and right to receive a clear, accurate and unambiguous notice of who the original or current creditor is to whom the alleged debt is owed.

53.     Defendant's misconduct has inflicted damages on Mr. Sharinn. The stress that Mr. Sharinn has experienced, and continues to experience from Defendants' violations of the FDCPA is something he has never experienced before and has yet to recover from.

54.     As a former professional hockey player, Mr. Sharinn prided himself on his good health. However the stress stemming from Defendant's violations of the FDCPA has created significant anguish and has negatively impacted his health and recovery.

55.     The stress drastically impacted Mr. Sharinn's sleep causing him to wake up in the middle of the night.

56.     Mr. Sharinn was very embarrassed that this was happening, and thus did not confide in others, worried that they would judge him, wondering how something like this could happen to an intelligent well-respected attorney like Mr. Sharinn.

57.     Due to the severe emotional distress Mr. Sharinn was unable to provide the care, comfort, protection, society, support and services and consortium to Wife.

58.     The deprivation of the care, comfort, protection, society, support and services and consortium with Wife, as well as Mr. Sharinn's and Wife's rights to the same will be redressed by a favorable decision herein.

## COUNT I
## Violation of 15 U.S.C. § 1692c(a)(1)

59.    Mr. Sharinn repeats and realleges the foregoing paragraphs as if fully restated herein.

60.    15 U.S.C. § 1692c(a)(1) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

61.    Defendant violated § 1692(c)(a)(1) by communicating with Mr. Sharinn at times they knew, or should have known to be inconvenient to the consumer.

62.    Specifically, Defendant made or caused to be made, telephone calls to Mr. Sharinn's cell phone at all hours of the day and night, including but not limited to before 8 o'clock antemeridian, including on weekends and more importantly on religious holidays.

63.    Mr. Sharinn never gave prior consent, either directly or indirectly, to the debt collector to communicate with Mr. Sharinn at such inconvenient times.

64.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692c(a)(1).

## COUNT II
## Violation of 15 U.S.C. § 1692c(b)

65.    Mr. Sharinn repeats and realleges the foregoing paragraphs as if fully restated herein.

66.     15 U.S.C. § 1692c(b) prohibits a debt collector from communicating with a third party other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor or the attorney of the debt collector.

67.     Defendant violated § 1692c(b) by communicating with a third party.

68.     Specifically, Defendant, at all relevant times, communicated telephonically solely with Wife concerning the Alleged Debts.

69.     Despite knowing that Mr. Sharinn was recovering from the referenced severe medical incident and despite knowing Wife did not believe she was the correct person to speak with, Defendant insisted on speaking with Wife.

70.     Mr. Sharinn never gave prior consent to Defendant to speak with any third party either directly or indirectly.

71.     Indeed, Mr. Sharinn has never communicated with Defendant at any time at all and therefore Defendant could never have received any consent from Mr. Sharinn to communicate with any third party.

72.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692c(b).

## COUNT III
## Violation of 15 U.S.C. § 1692d

73.     Mr. Sharinn repeats and realleges the foregoing paragraphs as if fully restated herein.

74.     15 U.S.C. § 1692d prohibits a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

75.     15 U.S.C. § 1692d(5) prohibits a debt collector from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

76.     15 U.S.C. § 1692d(6) prohibits the placement of telephone calls without meaningful disclosure of the caller's identity.

77.     Defendant violated 15 U.S.C. 1692d(5) by causing Mr. Sharinn's cellphone to ring at all times of the day and night with the intent to annoy, abuse, and harass Mr. Sharinn.

78.     Defendant violated 15 U.S.C. 1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity.

79.     Specifically, Defendant made, or caused to be made, telephone calls to Mr. Sharinn's cellphone, that left messages, which failed to provide any information identifying who the call was made by or any contact information whatsoever.

80.     For the foregoing reasons, Defendant violated 15 U.S.C. 1692d, specifically, sections 15 U.S.C. 1692d(5) and (6).

## COUNT IV
## Violation of 15 U.S.C. § 1692e

81.     Mr. Sharinn repeats and realleges the foregoing paragraphs as if fully restated herein.

82.     15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

83.     15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

84.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

85.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

86.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F,3d at 161.

87.    Because the letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to the identity of the creditor to whom the Alleged Debts are owed, Defendant violated § 1692e.

88.    Defendant also violated 15 U.S.C. 1692e by placing telephone calls without meaningful disclosure of the caller's identity.

89.    Specifically, Defendant made, or caused to be made, telephone calls to Mr. Sharinn's cellphone, which left messages that failed to provide any information identifying who the call was made by or any contact information whatsoever.

90.    The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

91.    Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

92.    For the foregoing reasons, Defendant violated 15 U.S.C. § 1692e and is liable to Mr. Sharinn therefor.

## COUNT V
## Violation of 15 U.S.C. § 1692f

93.     Mr. Sharinn repeats and realleges the foregoing paragraphs as if fully restated

herein.

94.     15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable

means to collect or attempt to collect any debt.

95.     Defendant violated 15 U.S.C. § 1692f by unfairly failing to advise Mr. Sharinn as

to the identity of the current creditor who was attempting to collect the Alleged Debts.

96.     Defendant also violated 15 U.S.C. § 1692f by placing telephone calls without

meaningful disclosure of the caller's identity.

97.     Specifically, Defendant made, or caused to be made, telephone calls to Mr.

Sharinn's cellphone at all hours of the day and night that left messages that failed to provide any

information identifying who the call was made by or any contact information whatsoever.

98.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692f and is liable to

Mr. Sharinn therefor.

## COUNT VI
## Violation of 15 U.S.C. § 1692g(a)(2)

99.     Mr. Sharinn repeats and realleges the foregoing paragraphs as if fully restated

herein.

100.    15 U.S.C. § 1692g(a) provides that within five days after the initial

communication with a consumer in connection with the collection of any debt, a debt collector

shall, unless the information is contained in the initial communication or the consumer has paid

the debt, send the consumer a written notice containing certain enumerated information.

101.    15 U.S.C. § 1692g(a)(2) provides that the written notice must contain the name of the creditor to whom the debt is owed.

102.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other language in the communication.

103.    A communication overshadows or contradicts the notice if it would make the least sophisticated consumer uncertain or confused about his rights or the information regarding to whom the alleged debt is owed.

104.    A debt collector has the obligation, not just to convey the required information, but also to convey such clearly and effectively, so that the least sophisticated consumer will not be uncertain as to his rights.

105.    The Letters bury the required identification of the creditor to whom the Alleged Debts are owed.

106.    The 15 U.S.C. § 1692g(a)(2) identification, relative to the other language in the Letters, are visually inconspicuous.

107.    The 15 U.S.C. § 1692g(a)(2) identification cannot be readily discerned from the rest of the deemphasized writing in the Letters.

108.    The Letters do not otherwise direct the consumer's attention to the 15 U.S.C. § 1692g(a)(2) identification of the consumer in any way.

109.    The format of the Letters overshadows the consumer's right to know the creditor to whom the debt is owed.

110.    The format of the Letters is inconsistent with the consumer's right to know the name and identity of the creditor to whom the debt is owed.

111.     As a result of the foregoing, the Letters would likely make the least sophisticated consumer unaware and confused as to the identity of the creditor to whom the debt is owed.

112.     Defendant also violated 15 U.S.C. 1692g(a)(2) by placing telephone calls without meaningful disclosure of the caller's identity.

113.     Specifically, Defendant made, or caused to be made, telephone calls to Mr. Sharinn's cellphone, which left messages that failed to provide any information identifying who the call was made by or any contact information whatsoever.

114.     For the foregoing reasons, Defendant violated 15 U.S.C. § 1692g(a)(2) and is liable to Mr. Sharinn therefor.

**COUNT VII**
**Negligent Infliction of Emotional Distress on Mr. Sharinn**

115.     Mr. Sharinn repeats and realleges the foregoing paragraphs as if fully restated herein.

116.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors.

117.     The acts and omissions alleged herein were such that Defendant intended to cause severe emotional distress, or should have known that emotional distress was a likely result of its conduct.

118.     Defendants knew or should have known that emotional distress would be the likely outcome as a result of their willful violations of the FDCPA. This holds especially true in light of the fact that Defendant is in the business of collecting debts from hospitals and other medical institutions. Therefore, Defendant is well aware that the consumers they seek to collect alleged debts from are either still patients at the hospital or medical institution or were recently

discharged from the hospital or medical institution and are therefore more susceptible to emotional distress then others may be.

119.    Defendant's violations of the FDCPA were so extreme and outrageous and exceeded the bounds usually tolerated by decent society.

120.    As a proximate result of Defendant's violations of the FDCPA, Mr. Sharinn suffered severe emotional distress, sleep deprivation, and severe stress, all of which negatively impacted and continue to negatively impact his health, recovery from the same surgeries in which Mr. Sharinn incurred the Alleged Debts, and Mr. Sharinn's emotional and physical well-being.

121.    As a proximate result of the emotional distress caused by Defendant, Mr. Sharinn incurred and continues to incur unnecessary costs and expenses, which in turn led to a loss of income that caused Mr. Sharinn to expend his resources to the point where he could no longer make payments on his other obligations.

122.    For the foregoing reasons Defendant has negligently inflicted emotional distress on Mr. Sharinn and is liable to Mr. Sharinn therefor.

## COUNT VIII
## Negligent Infliction of Emotional Distress on Wife

123.    Wife repeats and realleges the foregoing paragraphs as if fully restated herein.

124.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by debt collectors.

125.    The acts and omissions alleged herein were such that Defendant intended to cause severe emotional distress, or should have known that emotional distress was a likely result of its conduct.

126.    Defendants knew or should have known that emotional distress would be the likely outcome as a result of their willful violations of the FDCPA. This holds especially true in light of the fact that Defendant is in the business of collecting debts from hospitals and other medical institutions. Therefore, Defendant is well aware that the consumers they seek to collect alleged debts from are either still patients or family members of patients at the hospital or medical institution or were recently discharged from the hospital or medical institution and are therefore more susceptible to emotional distress then others may be.

127.    Defendant's violations of the FDCPA were so extreme and outrageous and exceeded the bounds usually tolerated by decent society.

128.    As a proximate result of Defendant's violations of the FDCPA, Wife suffered severe emotional distress, sleep deprivation, and severe stress, all of which negatively impacted and continue to negatively impact her health, and emotional and physical well-being, including but not limited to her battle with cancer during the relevant time period and to this day.

129.    As a proximate result of the emotional distress caused by Defendant, Wife incurred and continues to incur unnecessary costs and expenses, which in turn led to a loss of income that caused Wife to expend her resources to the point where she could no longer make payments on her other obligations.

130.    For the foregoing reasons Defendant has negligently inflicted emotional distress on Wife and is liable to Wife therefor.

## COUNT IX
## Loss of Consortium

131.    Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

132.    As a proximate result of Defendant's violations of the FDCPA as set forth herein, Defendants have injured Mr. Sharinn who suffered severe emotional distress and was therefore

17

unable to provide the care, comfort, protection, society, support and services and consortium to Wife.

133.    Accordingly, Wife has been deprived of the care, comfort, protection, society, support and services of Mr. Sharinn and thereby has been injured.

134.    For the foregoing reasons, Defendant has caused Wife a loss of consortium and is liable to Wife therefor.

## JURY DEMAND

135.    Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

136.    **WHEREFORE**, Mr. Sharinn respectfully requests judgment be entered:

    a.    Certifying this action as a class action; and

    b.    Appointing Mr. Sharinn as Class Representative and Mr. Sharinn's attorney as Class Counsel; and

    c.    Finding Defendant's actions violate the FDCPA; and

    d.    Granting Damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e.    Granting Mr. Sharinn's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.    A finding that Defendant's illegal and illicit actions unnecessarily inflicted emotional distress on Mr. Sharinn; and

    g.    A Finding that Defendant's illegal and illicit actions unnecessarily inflicted emotional distress on Wife; and

    h.    Granting Mr. Sharinn punitive damages as the Court determines is just and proper; and

i.   Granting Mr. Sharinn damages resulting from pain and suffering and loss of consortium; and

j.   Granting Wife damages resulting from loss of consortium; and

k.   Granting Plaintiffs' costs; all together with

l.   Such other relief that the Court Determines is just and proper.


Greenwich, Connecticut
April 23, 2020

Respectfully submitted,
Gilbride, Tusa, Last & Spellane, LLC

By:    _____
Todd S. Sharinn (CT 419121)
31 Brookside Drive
Greenwich, CT 06830
Phone: (203) 542-8418
Fax:    (203) 622-9392
Email: tss@gtlslaw.com
Attorneys for Plaintiff

# EXHIBIT 1

**Century Financial Services, Inc.** September 30, 2019
**also D/B/A Century Healthcare Collection in Connecticut**

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612

| | |
|---|---|
| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

| | |
|---|---|
| Our Client: | Greenwich Hospital |
| For: | TODD S SHARINN |
| Account #: | M330933 |
| **Account Balance:** | **$172.96** |

PAY ONLINE at: **WWW.PAYCFSINC.COM**

This communication is from a debt collector.

The above account is seriously past due. The balance due has been placed with Century Financial Services, Inc. for collection.

UNLESS YOU INTEND TO EXERCISE THE RIGHTS STATED BELOW, YOU ARE INSTRUCTED TO PAY THE AMOUNT DUE TO THIS OFFICE TO PREVENT FURTHER COLLECTION ACTIVITY.

**Our office hours are 8:00 AM to 9:00 PM Monday through Thursday, 8:00 AM to 4:30 PM on Friday and 8:00 AM to 12:00 PM on Saturday.**

CENTURY FINANCIAL SERVICES, INC. also D/B/A Century Healthcare Collection

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**Please see reverse side for credit card information.**

**Or pay online at WWW.PAYCFSINC.COM**

**Por favor de mirar la parte contraria de esta pajina para la traducion en espanol**

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

September 30, 2019

| | |
|---|---|
| Client Account #: | 102726292 |
| Amount Due: | $172.96 |
| CFS Account #: | M330933 |

*4/8/19 Hospital Bill B4 500 - A 2302.25 P 1584.34*

102374 - 100

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

1 of 2

102374-ONE-243

**Century Financial Services, Inc.**
also D/B/A Century Healthcare Collection in Connecticut

December 19, 2019

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612
Avelino Santos ext 2210

PAY ONLINE at: **WWW.PAYCFSINC.COM**

| | |
|---|---|
| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

Your Account With:
Greenwich Hospital
102726292

| | |
|---|---|
| Balance Due: | $172.96 |
| Interest: | $.00 |
| Total Due: | $172.96 |

DEAR TODD S SHARINN:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR!**

Our records indicate that you have ignored our previous demands for payment. If this letter is also ignored we will have no choice but to advise Greenwich Hospital that our efforts have been unsuccessful and that further contact will be necessary in order to recover the balance in full.

If no attempt is made to pay this debt, we may have no alternative but to refer this account to an ADVANCED COLLECTION EFFORT.

**WE DO ACCEPT DEBIT/CREDIT CARD AND CHECK BY TELEPHONE FOR YOUR CONVENIENCE.**

Office hours are 8 AM to 9 PM Monday thru Thursday and 8 AM to 4:30 PM Friday. We are also open Saturday from 8 AM to 12 PM.

Remittance should be directed to our office. Your payment to us will be reported to our client, canceling the transaction record and their need for additional referral action.

This is an attempt to collect a debt. Any information will be used for that purpose.

To pay online go to WWW.PAYCFSINC.COM

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

| | |
|---|---|
| Client Account #: | 102726292 |
| Amount Due: | $172.96 |
| CFS Account #: | M330933 |

December 19, 2019



TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

111117 - 70

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

1 of 1

111117-DEMAND2-70

**Century Financial Services, Inc.**
**also D/B/A Century Healthcare Collection in Connecticut**

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612
Avelino Santos ext 2210

PAY ONLINE at: **WWW.PAYCFSINC.COM**

| | |
|---|---|
| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

Your Account With:
Greenwich Hospital
102726292

Balance Due:  $172.96
Interest:        $.00
Total Due:      $172.96

DEAR TODD S SHARINN:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

\*\*\*\*\*\*\*\*\*\*\*DISCOUNT\*\*\*\*\*\*\*\*\*\*\*

ON BEHALF OF GREENWICH HOSPITAL WE WANT TO OFFER YOU A SETTLEMENT TO COMPLETELY LIQUIDATE THIS OBLIGATION!

GREENWICH HOSPITAL WILL ACCEPT $138.37 AS FULL PAYMENT.

YES, 80% OF THE ABOVE BALANCE AS PAYMENT IN FULL!!!

IN ORDER TO QUALIFY FOR THIS REDUCTION THE AMOUNT MUST BE PAID WITHIN THIRTY (30) DAYS OF THE DATE OF THIS LETTER. IF YOU DO NOT SEND THE REDUCED AMOUNT OR COMMUNICATE WITH THE COLLECTION MANAGER, YOUR ACCOUNT MAY BE CONSIDERED FOR ADVANCED COLLECTION EFFORTS.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

| | |
|---|---|
| Client Account #: | 102726292 |
| Amount Due: | $138.37 |
| CFS Account #: | M330933 |

January 28, 2020

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

111117 - 57

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

1 of 1

111117-DISCOUN-57

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612

PAY ONLINE at: **WWW.PAYCFSINC.COM**

| | |
|---|---|
| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

| | |
|---|---|
| Our Client: | Greenwich Hospital |
| For: | TODD S SHARINN |
| Account #: | M330932 |
| **Account Balance:** | **$65.58** |

This communication is from a debt collector.

The above account is seriously past due. The balance due has been placed with Century Financial Services, Inc. for collection.

UNLESS YOU INTEND TO EXERCISE THE RIGHTS STATED BELOW, YOU ARE INSTRUCTED TO PAY THE AMOUNT DUE TO THIS OFFICE TO PREVENT FURTHER COLLECTION ACTIVITY.

**Our office hours are 8:00 AM to 9:00 PM Monday through Thursday, 8:00 AM to 4:30 PM on Friday and 8:00 AM to 12:00 PM on Saturday.**

CENTURY FINANCIAL SERVICES, INC. also D/B/A Century Healthcare Collection

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**Please see reverse side for credit card information.**

**Or pay online at WWW.PAYCFSINC.COM**

**Por favor de mirar la parte contraria de esta pajina para la traducion en espanol**

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

*DOS-5/1/19*

September 30, 2019

| | | |
|---|---|---|
| Client Account #: | 102758963 | |
| Amount Due: | $65.58 | |
| CFS Account #: | M330932 | |

*Patet*
*65.58*

*Radolog*
*B 2258.68*
*A 655.92*
*P 590.34*

102374 - 99

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

1 of 2

102374-ONE-241

also D/B/A Century Healthcare Collection in Connecticut

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612
Avelino Santos ext 2210

PAY ONLINE at: **WWW.PAYCFSINC.COM**

Monday - Thursday:    8:00 AM to 9:00 PM
Friday:    8:00 AM to 4:30 PM
Saturday:    8:00 AM to 12:00 PM

Your Account With:
Greenwich Hospital
102758963

Balance Due: $65.58
Interest:    $.00
Total Due:    $65.58

DEAR TODD S SHARINN:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**

Please be advised that this office represents your creditor Greenwich Hospital on the matter of your past due account.

DIRECT PAYMENT AUTHORIZATION: I hereby authorize CENTURY FINANCIAL SERVICES, INC. to deduct from the account specified above my applicable payment. This authorization will extend to pay the entire balance owed to Greenwich Hospital. This authorization may be cancelled at any time by notifying CENTURY FINANCIAL SERVICES, INC. in writing.

The charge will appear on your statement as Century Healthcare. To activate this service we need the following which will remain confidential:

**\*PLEASE NOTE WE CAN ONLY ACCEPT $50.00 MINIMUM PAYMENT**

BANK NAME _____ YOUR ACCOUNT NUMBER _____

BANK ROUTING NUMBER _____ AMOUNT AUTHORIZED $_____
Charge my account for the balance. _____

Charge my account weekly _____ or monthly. _____
EXPIRATION DATE OF DEBIT/CREDIT CARD _____ VISA_____ MASTERCARD_____ DISCOVER_____

CHECKING ACCOUNT NUMBER _____ SAVINGS ACCOUNT NUMBER _____

Sign up now and enjoy the convenience of direct payment.

_____

Authorized Signature. (Your mailing address must match the address where you receive your statement.)

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

To pay online go to WWW.PAYCFSINC.COM

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

Client Account #:    102758963
Amount Due:    $65.58
CFS Account #:    M330932

November 04, 2019

PAID 12/31

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

113799 - 80

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098



23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612

| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

| Our Client: | Greenwich Hospital |
| For: | TODD S SHARINN |
| Account #: | M330931 |
| **Account Balance:** | **$63.68** |

PAY ONLINE at: **WWW.PAYCFSINC.COM**

This communication is from a debt collector.

The above account is seriously past due. The balance due has been placed with Century Financial Services, Inc. for collection.

UNLESS YOU INTEND TO EXERCISE THE RIGHTS STATED BELOW, YOU ARE INSTRUCTED TO PAY THE AMOUNT DUE TO THIS OFFICE TO PREVENT FURTHER COLLECTION ACTIVITY.

**Our office hours are 8:00 AM to 9:00 PM Monday through Thursday, 8:00 AM to 4:30 PM on Friday and 8:00 AM to 12:00 PM on Saturday.**

CENTURY FINANCIAL SERVICES, INC. also D/B/A Century Healthcare Collection

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**Please see reverse side for credit card information.**

**Or pay online at WWW.PAYCFSINC.COM**

**Por favor de mirar la parte contraria de esta pajina para la traducion en espanol**

---

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

| Client Account #: | 102720705 |
| Amount Due: | $63.68 |
| CFS Account #: | M330931 |

September 30, 2019

*[handwritten: 2233.30  4/3/19  Test's in  Adj  1596.  Hospital  Ins.  573.]*

102374 - 98


TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

*[handwritten: 63.68]*

102374-ONE-239

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612
Avelino Santos ext 2210

PAY ONLINE at: **WWW.PAYCFSINC.COM**

| | |
|---|---|
| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

Your Account With:
Greenwich Hospital
102720705

Balance Due: $63.68
Interest:      $.00
Total Due:   $63.68

*PAID 12/31*

DEAR TODD S SHARINN:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR!**

Our records indicate that you have ignored our previous demands for payment. If this letter is also ignored we will have no choice but to advise Greenwich Hospital that our efforts have been unsuccessful and that further contact will be necessary in order to recover the balance in full.

If no attempt is made to pay this debt, we may have no alternative but to refer this account to an ADVANCED COLLECTION EFFORT.

**WE DO ACCEPT DEBIT/CREDIT CARD AND CHECK BY TELEPHONE FOR YOUR CONVENIENCE.**

Office hours are 8 AM to 9 PM Monday thru Thursday and 8 AM to 4:30 PM Friday. We are also open Saturday from 8 AM to 12 PM.

Remittance should be directed to our office. Your payment to us will be reported to our client, canceling the transaction record and their need for additional referral action.

This is an attempt to collect a debt. Any information will be used for that purpose.

To pay online go to WWW.PAYCFSINC.COM

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

| | |
|---|---|
| Client Account #: | 102720705 |
| Amount Due: | $63.68 |
| CFS Account #: | M330931 |

December 19, 2019

111117 - 69

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098



**Century Financial Services, Inc.**
**also D/B/A Century Healthcare Collection in Connecticut**

October 18, 201

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612
Samantha Hill ext1880

PAY ONLINE at: **WWW.PAYCFSINC.COM**

| | |
|---|---|
| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

| | |
|---|---|
| Our Client: | Northeast Medical Group |
| For: | TODD S SHARINN |
| Account #: | M347271 |
| **Account Balance:** | **$643.88** |

This communication is from a debt collector.

The above account is seriously past due. The balance due has been placed with Century Financial Services, Inc. for collection.

UNLESS YOU INTEND TO EXERCISE THE RIGHTS STATED BELOW, YOU ARE INSTRUCTED TO PAY THE AMOUNT DUE TO THIS OFFICE TO PREVENT FURTHER COLLECTION ACTIVITY.

**Our office hours are 8:00 AM to 9:00 PM Monday through Thursday, 8:00 AM to 4:30 PM on Friday and 8:00 AM to 12:00 PM on Saturday.**

CENTURY FINANCIAL SERVICES, INC. also D/B/A Century Healthcare Collection

**Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that the debt or any portion thereof is disputed, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.**

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

**Please see reverse side for credit card information.**

**Or pay online at WWW.PAYCFSINC.COM**

**Por favor de mirar la parte contraria de esta pajina para la traducion en espanol**

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098

RETURN SERVICE REQUESTED

| | |
|---|---|
| Client Account #: | 282087/145274890 |
| Amount Due: | $643.88 |
| CFS Account #: | M347271 |

October 18, 2019

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

102414 - 569

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

102414-ONE-569

**Century Financial Services, Inc.**
also D/B/A Century Healthcare Collection in Connecticut

November 22, 2019

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612
Samantha Hill ext1880

PAY ONLINE at: **WWW.PAYCFSINC.COM**

Monday - Thursday:  8:00 AM to 9:00 PM
Friday:  8:00 AM to 4:30 PM
Saturday:  8:00 AM to 12:00 PM

Your Account With:
Northeast Medical Group
282087/145274890

Balance Due: $643.88
Interest:  $.00
Total Due:  $643.88

DEAR TODD S SHARINN:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**

Please be advised that this office represents your creditor Northeast Medical Group on the matter of your past due account.

DIRECT PAYMENT AUTHORIZATION: I hereby authorize CENTURY FINANCIAL SERVICES, INC. to deduct from the account specified above my applicable payment. This authorization will extend to pay the entire balance owed to Northeast Medical Group. This authorization may be cancelled at any time by notifying CENTURY FINANCIAL SERVICES, INC. in writing.

The charge will appear on your statement as Century Healthcare. To activate this service we need the following which will remain confidential:

**\*PLEASE NOTE WE CAN ONLY ACCEPT $50.00 MINIMUM PAYMENT**

BANK NAME _____ YOUR ACCOUNT NUMBER _____

BANK ROUTING NUMBER _____ AMOUNT AUTHORIZED $_____
Charge my account for the balance. _____

Charge my account weekly _____ or monthly. _____
EXPIRATION DATE OF DEBIT/CREDIT CARD _____ VISA_____ MASTERCARD_____ DISCOVER_____

CHECKING ACCOUNT NUMBER _____ SAVINGS ACCOUNT NUMBER _____

Sign up now and enjoy the convenience of direct payment.

_____
Authorized Signature. (Your mailing address must match the address where you receive your statement.)

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

To pay online go to WWW.PAYCFSINC.COM

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

Client Account #:  282087/145274890
Amount Due:  $643.88
CFS Account #:  M347271

November 22, 2019

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

113800 - 477

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

**Century Financial Services, Inc.**
**also D/B/A Century Healthcare Collection in Connecticut**

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612
Samantha Hill ext1880

PAY ONLINE at: **WWW.PAYCFSINC.COM**

| | |
|---|---|
| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

Your Account With:
Northeast Medical Group
282087/145274890

Balance Due: $643.88
Interest:     $.00
Total Due:    $643.88

DEAR TODD S SHARINN:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR!**

YOUR ACCOUNT IS CURRENTLY PAST DUE FOR THE AMOUNT INDICATED ABOVE. IN VIEW OF YOUR APPARENT FINANCIAL DIFFICULTIES, WE WOULD SUGGEST YOU CONTACT US.

PLEASE CALL US! AGAIN THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.

WE HAVE A FEW PROGRAMS THAT MAY ASSIST YOU IN BRINGING YOUR ACCOUNT UP TO CURRENT STATUS AND HELP REBUILD YOUR RELATIONSHIP WITH OUR CLIENT.

WHEN YOU CALL, PLEASE MENTION THIS LETTER AND ASK FOR ME PERSONALLY TO QUALIFY FOR OUR SPECIAL PROGRAM.

IF YOU INTEND TO MAKE ARRANGEMENTS TO CLEAR UP THIS SITUATION, THIS MAY BE YOUR LAST OPPORTUNITY TO DO SO.

OUR OFFICE HOURS ARE 8:00AM THRU 9:00PM, MONDAY THRU THURSDAY, FRIDAY 8:00AM TO 4:30PM. SATURDAY 8:00AM-12:00PM

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION WILL BE USED FOR THAT PURPOSE.

TO PAY ONLINE GO TO WWW.PAYCFSINC.COM

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098

RETURN SERVICE REQUESTED

| | |
|---|---|
| Client Account #: | 282087/145274890 |
| Amount Due: | $643.88 |
| CFS Account #: | M347271 |

February 11, 2020

102414 - 1313

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

102414-DEMAND-1313

**Century Financial Services, Inc.**
also D/B/A **Century Healthcare Collection in Connecticut**

March 24, 2020

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612
Samantha Hill ext1880

PAY ONLINE at: **WWW.PAYCFSINC.COM**

| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

Your Account With:
Northeast Medical Group
282087/145274890

Balance Due: $643.88
Interest:    $.00
Total Due:   $643.88

DEAR TODD S SHARINN:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR!**

Our records indicate that you have ignored our previous demands for payment. If this letter is also ignored we will have no choice but to advise Northeast Medical Group that our efforts have been unsuccessful and that further contact will be necessary in order to recover the balance in full.

If no attempt is made to pay this debt, we may have no alternative but to refer this account to an ADVANCED COLLECTION EFFORT.

**WE DO ACCEPT DEBIT/CREDIT CARD AND CHECK BY TELEPHONE FOR YOUR CONVENIENCE.**

Office hours are 8 AM to 9 PM Monday thru Thursday and 8 AM to 4:30 PM Friday. We are also open Saturday from 8 AM to 12 PM.

Remittance should be directed to our office. Your payment to us will be reported to our client, canceling the transaction record and their need for additional referral action.

This is an attempt to collect a debt. Any information will be used for that purpose.

To pay online go to WWW.PAYCFSINC.COM

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

| Client Account #: | 282087/145274890 |
| Amount Due: | $643.88 |
| CFS Account #: | M347271 |

March 24, 2020

102414 - 2337

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

1 of 1

102414-DEMAND2-2337

**Century Financial Services, Inc.**
also D/B/A Century Healthcare Collection in Connecticut

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612
Jason Brown ext 2260

PAY ONLINE at: **WWW.PAYCFSINC.COM**

| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

Your Account With:
Greenwich Hospital
102721747

Balance Due: $448.96
Interest:     $.00
Total Due:   $448.96

DEAR TODD S SHARINN:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR!**

Our records indicate that you have ignored our previous demands for payment. If this letter is also ignored we will have no choice but to advise Greenwich Hospital that our efforts have been unsuccessful and that further contact will be necessary in order to recover the balance in full.

If no attempt is made to pay this debt, we may have no alternative but to refer this account to an ADVANCED COLLECTION EFFORT.

<u>WE DO ACCEPT DEBIT/CREDIT CARD AND CHECK BY TELEPHONE FOR YOUR CONVENIENCE.</u>

Office hours are 8 AM to 9 PM Monday thru Thursday and 8 AM to 4:30 PM Friday. We are also open Saturday from 8 AM to 12 PM.

Remittance should be directed to our office. Your payment to us will be reported to our client, canceling the transaction record and their need for additional referral action.

This is an attempt to collect a debt. Any information will be used for that purpose.

To pay online go to WWW.PAYCFSINC.COM

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

| Client Account #: | 102721747 |
| Amount Due: | $448.96 |
| CFS Account #: | M330934 |

December 19, 2019



TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

111117 - 68

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

1 of 1

111117-DEMAND2-68

**Century Financial Services, Inc.**
also D/B/A Century Healthcare Collection in Connecticut   Case 3:20-cv-00548-AB   Document 1   Filed 04/23/20   Page 33 of 34

January 28, 2020

23 Maiden Lane, North Haven, CT 06473-0098
Local: 1-203-239-3300
Toll Free: 1-800-221-0612
Jason Brown ext 2260

PAY ONLINE at: **WWW.PAYCFSINC.COM**

| | |
|---|---|
| Monday - Thursday: | 8:00 AM to 9:00 PM |
| Friday: | 8:00 AM to 4:30 PM |
| Saturday: | 8:00 AM to 12:00 PM |

Your Account With:
Greenwich Hospital
102721747

| | |
|---|---|
| Balance Due: | $448.96 |
| Interest: | $.00 |
| Total Due: | $448.96 |

DEAR TODD S SHARINN:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

***********DISCOUNT***********

ON BEHALF OF GREENWICH HOSPITAL WE WANT TO OFFER YOU A SETTLEMENT TO COMPLETELY LIQUIDATE THIS OBLIGATION!

GREENWICH HOSPITAL WILL ACCEPT $359.17 AS FULL PAYMENT.

YES, <u>80%</u> OF THE ABOVE BALANCE AS PAYMENT IN FULL!!!

IN ORDER TO QUALIFY FOR THIS REDUCTION THE AMOUNT MUST BE PAID WITHIN THIRTY (30) DAYS OF THE DATE OF THIS LETTER. IF YOU DO NOT SEND THE REDUCED AMOUNT OR COMMUNICATE WITH THE COLLECTION MANAGER, YOUR ACCOUNT MAY BE CONSIDERED FOR ADVANCED COLLECTION EFFORTS.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

23 Maiden Lane
North Haven, CT 06473-0098
RETURN SERVICE REQUESTED

| | |
|---|---|
| Client Account #: | 102721747 |
| Amount Due: | $359.17 |
| CFS Account #: | M330934 |

January 28, 2020

111117 - 56

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

111117-DISCOUN-56

**Century Financial Services, Inc.**
Case 3:20-cv-00548-VAB    Document 1    Filed 04/23/20    Page 34 of 34    December 09, 2019
also D/B/A Century Healthcare Collection in Connecticut

| | |
|---|---|
| 23 Maiden Lane, North Haven, CT 06473-0098 | Monday - Thursday:  8:00 AM to 9:00 PM |
| Local: 1-203-239-3300 | Friday:  8:00 AM to 4:30 PM |
| Toll Free: 1-800-221-0612 | Saturday:  8:00 AM to 12:00 PM |

Your Account With:
Greenwich Hospital
102723816

PAY ONLINE at: **WWW.PAYCFSINC.COM**

Balance Due: $629.24
Interest:        $.00
Total Due:     $629.24

DEAR TODD S SHARINN:

**THIS IS A COMMUNICATION FROM A DEBT COLLECTOR**

Please be advised that this office represents your creditor Greenwich Hospital on the matter of your past due account.

DIRECT PAYMENT AUTHORIZATION: I hereby authorize CENTURY FINANCIAL SERVICES, INC. to deduct from the account specified above my applicable payment. This authorization will extend to pay the entire balance owed to Greenwich Hospital. This authorization may be cancelled at any time by notifying CENTURY FINANCIAL SERVICES, INC. in writing.

The charge will appear on your statement as Century Healthcare. To activate this service we need the following which will remain confidential:

**\*PLEASE NOTE WE CAN ONLY ACCEPT $50.00 MINIMUM PAYMENT**

BANK NAME _____ YOUR ACCOUNT NUMBER _____

BANK ROUTING NUMBER _____ AMOUNT AUTHORIZED $_____
Charge my account for the balance. _____

Charge my account weekly _____ or monthly. _____
EXPIRATION DATE OF DEBIT/CREDIT CARD _____ VISA_____ MASTERCARD_____ DISCOVER_____

CHECKING ACCOUNT NUMBER _____ SAVINGS ACCOUNT NUMBER _____

Sign up now and enjoy the convenience of direct payment.

_____
Authorized Signature. (Your mailing address must match the address where you receive your statement.)

This is an attempt to collect a debt. Any information obtained will be used for that purpose.

To pay online go to WWW.PAYCFSINC.COM

PLEASE DETACH LOWER PORTION AND RETURN WITH PAYMENT IN ENCLOSED ENVELOPE

| | | |
|---|---|---|
| 23 Maiden Lane | Client Account #: | 102723816 |
| North Haven, CT 06473-0098 | Amount Due: | $629.24 |
| RETURN SERVICE REQUESTED | CFS Account #: | M359481 |

December 09, 2019



113799 - 111

TODD S SHARINN
36 MEADOW PARK AVE E
STAMFORD CT 06905

CENTURY FINANCIAL SERVICES, INC.
PO Box 98
North Haven CT 06473-0098

113799-NEWSPAY-111